UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:25-cv-06283-MWC-AS						Date: September 3, 2025

Title   Scott Burns v. Royal Bank of Canada *et al.*

Present: The Honorable:   Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) Order GRANTING Plaintiff's motion to remand (Dkt. # 6), and VACATING Defendant RBC-CM's motion to stay the case (Dkt. # 13) and Defendant RBC's motion to quash (Dkt. # 14).   JS-6**

   Before the Court are three motions.  First, Plaintiff Leonard Steiner ("Plaintiff") filed a motion to remand ("Motion").  Dkt. # 6 ("*Mot.*").  Defendant RBC Capital Markets, LLC ("RBC-CM"), opposed, Dkt. # 23, and Plaintiff replied, Dkt. # 27.  Second, RBC-CM filed a motion to stay the case pending an arbitration.  Dkt. # 13.  Plaintiff opposed, Dkt. # 21, and RBC-CM replied, Dkt. # 29.  Third, Defendant Royal Bank of Canada ("RBC") filed a motion to quash service of summons.  Dkt. # 14.  Plaintiff opposed, Dkt. # 22, and RBC replied, Dkt. # 28.  The Court finds the matters appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  Having considered the papers, the Court **GRANTS** Plaintiff's motion to remand based on lack of subject matter jurisdiction and accordingly **DECLINES TO RULE** on the remaining motions.

I.   Background

   This case arises out of a dispute over Plaintiff's participation in a retirement plan while an employee of RBC-CM.  *Compl.* ¶¶ 6–13.  Plaintiff alleges that RBC and RBC-CM (collectively, "Defendants") engaged in conduct that led to Plaintiff being wrongfully discharged from his employment, then improperly declared as forfeited the entirety of Plaintiff's account balance in the retirement plan.  *Id.* ¶¶ 11–13.  On June 10, 2025, Plaintiff sued Defendants in Los Angeles Superior Court, asserting causes of action for (1) breach of the covenant of good faith and fair dealing, (2) violation of Cal. Bus. &

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-06283-MWC-AS                                                  Date: September 3, 2025

Title   Scott Burns v. Royal Bank of Canada *et al.*

Prof. Code §§ 17200 *et seq.*, (3) declaratory relief, (4) violation of California Penal Code § 496, and (5) financial elder abuse.  *See generally* Compl., Dkt. # 1 ("*NOR*").

On July 10, 2025, RBC-CM removed the action to federal court on the basis of diversity.  *See NOR.*  On July 16, 2025, Plaintiff filed a motion to remand, contending RBC-CM did not meet its burden to show this Court has subject matter jurisdiction on the basis of diversity jurisdiction.  *See generally Mot.*  Plaintiff also requests costs and actual expenses, including attorney's fees, incurred as a result of the removal, pursuant to 28 U.S.C. § 1447(c).  Dkt. # 6, *Not. Mot.* 1:25–18.

Also on July 16, 2025, Plaintiff filed an ex parte application for a TRO staying a FINRA arbitration scheduled to begin July 28, 2025, pending determination of Plaintiff's motion to remand.  Dkt. # 7.  After the issue was fully briefed, on July 22, 2025, the Court denied the application because it found Plaintiff failed to justify ex parte emergency relief.  Dkts. # 17–19.  On July 17, 2025, Defendant RBC-CM moved to stay this case pending completion of the FINRA arbitration.  Dkt. # 13.

On July 17, 2025, RBC specially appeared to move to quash service of summons, contending that Plaintiff's proof of service filed in the state court case shows service was deficient.  Dkt. # 14.  The proof of service avers that RBC was served on June 10, 2025, when the summons and complaint were left with an individual named "Will (last name unknown), Manager," at RBC's corporate headquarters in Toronto, Ontario, Canada.  Dkt. # 14-2, 1.

The court begins with the remand motion, as it raises a question regarding subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

II.   Motion to Remand

   A.   Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted).  Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case.  *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-06283-MWC-AS                                           Date: September 3, 2025

Title       Scott Burns v. Royal Bank of Canada *et al.*

could have been filed in federal court."). Courts strictly construe the removal statute against removal jurisdiction. *See Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Id.*; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand."). A federal court should remand a case if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991).

     A plaintiff who contests the existence of removal jurisdiction may move to remand by raising either a "facial" or "factual" attack on the defendant's jurisdictional allegations. *Leite v. Crane Co.*, 749 F.3d 1117, 1121–22 (9th Cir. 2014). A facial attack accepts the allegations as true but asserts they are "insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A factual attack, by contrast, contests the truth of the allegations themselves, either by introducing evidence outside the pleadings or "by making a reasoned argument as to why any assumptions on which [the allegations] are based are not supported by evidence." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 700 (9th Cir. 2020). Once a plaintiff mounts a factual attack, the defendant has the burden of proving, by a preponderance of the evidence, the basis for removal jurisdiction exists. *See id.* at 700–01 ("[W]hen given the opportunity to present evidence, following [plaintiff's] motion to remand, [defendant] had the burden of supporting its jurisdictional allegations with competent proof." (internal quotation marks omitted)). "Both parties may submit evidence supporting the [basis for jurisdiction] before the district court rules." *Id.* at 699.

     Removal of an action may be based on either diversity or federal question jurisdiction. *See City of Chi.*, 522 U.S. at 163. In attempting to invoke this Court's diversity jurisdiction, a defendant seeking removal must plausibly allege that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332; *see also Academy of Country Music v. Continental Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).[1]

---

[1] Plaintiff does not dispute the requisite amount in controversy is satisfied. *See generally Mot.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-06283-MWC-AS                                                                  Date: September 3, 2025

Title    Scott Burns v. Royal Bank of Canada *et al.*

B.  Discussion

  i.  *Plaintiff is a citizen of California.*

To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the place they reside with the intent to remain or to which they intend to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). The parties do not dispute Plaintiff's U.S. citizenship, and Plaintiff alleges in his Complaint that he is a "resident of Los Angeles, California," who was employed from May 2019 to November 2023 "in [RBC-CM's] Beverly Hills, California branch office." *NOR* ¶ 11, quoting *Compl.* ¶¶ 1, 6. Thus, Plaintiff is a California citizen for purposes of the diversity analysis.

Accordingly, neither RBC nor RBC-CM may be a citizen of California for diversity jurisdiction to exist. *See Allstate*, 358 F.3d at 1095.

  ii.  *RBC is a citizen of a foreign state.*

RBC-CM alleges in its NOR that co-defendant RBC is a corporation that is "incorporated in Halifax, Nova Scotia and maintains its principal place of business Toronto, Ontario." *NOR* ¶ 13, citing Dkt. # 2-3 ("*RJN Ex. 3*").[2] A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); *see also Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Plaintiff has not mounted a facial attack on the citizenship of RBC. *See generally Mot.* Thus, the Court accepts RBC-CM's allegation as true and considers RBC a citizen of a foreign state, under 28 U.S.C. § 1332(c)(1), for the purposes of the diversity analysis.

---

[2] In support of its opposition, RBC-CM submitted a Request for Judicial Notice ("RJN"), Dkt. # 2 ("*RJN*"), containing several publicly available filings, Dkts. # 2-1–3. Federal Rule of Evidence 201 permits a court to take judicial notice of "matters of public record outside the pleadings." *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998). Accordingly, the RJN is **GRANTED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-06283-MWC-AS                                           Date: September 3, 2025

Title   <u>Scott Burns v. Royal Bank of Canada *et al.*</u>

> iii.   *RBC-CM has not established that it is not a citizen of California.*

RBC-CM and Plaintiff each allege that RBC-CM is an LLC.  *NOR* ¶ 12; *Compl.* ¶ 3.  The citizenship of an LLC is the citizenship of its members.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").  Accordingly, for complete diversity to exist, no member of RBC-CM may be a citizen of California.  *See Allstate*, 358 F.3d at 1095.

In the Notice of Removal, RBC-CM alleges:

> Defendant is a Minnesota limited liability company which is a wholly-owned subsidiary of RBC USA Holdco Corporation, a Delaware corporation.  *See* Request for Judicial Notice ("RJN") Exs. 1–3.  As a corporation, RBC USA Holdco Corporation is a citizen of the state or foreign state where it is incorporated and where its principal place of business is located.  28 U.S.C. § 1332(c)(1).  RBC USA Holdco Corporation is incorporated in Delaware and the majority of the executive and administrative functions are performed in New York.  *See* RJN Exs. 2, 3.  Therefore, RBC USA Holdco Corporation is a citizen of Delaware and New York, making Defendant also a citizen of Delaware and New York.

*NOR* ¶ 12.  The documents RBC-CM cites in the preceding allegation are as follows:

1. RBC's public registration with the Minnesota Secretary of State, Dkt. # 2-1;

2. RBC USA Holdco Corporation ("RBC Holdco")'s public registration with the Delaware Department of State, Dkt. # 2-2; and

3. "Relevant portions" of RBC's publicly available Form 40-F submitted to the United States Security and Exchange Commission, dated December 3, 2024, *RJN Ex. 3*.

RBC-CM contends that the Form 40-F filed with the SEC demonstrates that "[RBC] is the parent company of RBC US Holdings LLC, which in turn owns RBC Holdco.  Ex 3 at 13.  RBC Holdco's principal place of business in [*sic*] New York, NY and is the parent company of [RBC-CM]."  *See* Dkt. # 2 ¶ 3.  RBC-CM also attaches a declaration from its general counsel (the "Penn Declaration") that RBC-CM avers, in conjunction with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-06283-MWC-AS                                                            Date: September 3, 2025

Title          Scott Burns v. Royal Bank of Canada *et al.*

SEC filing, "definitively show that it is, indeed, wholly owned by Holdco." *Opp.* 6:20–22, citing *RJN Ex. 3* at 14, and Dkt. # 23-1 ("*Penn Decl.*") ¶ 3.

Plaintiff, however, contends the SEC filing is inadequate to establish complete diversity because it "nowhere states that RBC-CM is a 'wholly owned subsidiary of [RBC Holdco].'" *Mot.* 3:20–23.

Because Plaintiff contests the truth of the jurisdictional allegations themselves by introducing evidence outside the pleadings and by arguing that "any assumptions on which [the allegations] are based are not supported by evidence," Plaintiff mounts a factual attack.[3]  *See Harris*, 980 F.3d at 700.  Thus, RBC-CM has the burden of proving, by a preponderance of the evidence, that the basis for removal jurisdiction exists. *See id.* at 700–01.

The Court has examined both the excerpted Form 40-F and the Penn Declaration and finds the documents do not support RBC-CM's statement that its sole owner is RBC Holdco.

First, regarding the Form 40-F, Appendix A does identify RBC-CM as a "principal subsidiary" of only one entity, RBC Holdco, which has a principal office address in New York and is "organized under the laws of the State of Minnesota." *See RJN Ex.* 3, 14. However, this chart and its footnotes do not address whether RBC Holdco is the *sole* owner of RBC-CM.  The fact that RBC-CM is a principal subsidiary of RBC Holdco does not mean it is wholly owned by the parent or holding company.  Thus, Form 40-F is not competent proof of sole ownership as alleged in the NOR. *NOR* ¶ 13.

Regarding RBC-CM's general counsel's declaration, Mr. Penn avers as follows:

> "As the General Counsel of RBC CM, I am familiar with the ownership structure of RBC CM. As of the date of filing of the California state court complaint on or about December 30, 2024, as well as on the date of the filing

---

[3] Plaintiff argues that he has also facially challenged jurisdiction by pointing out that RBC-CM failed to submit with its removal papers any proof to support its allegation of RBC Holdco's sole ownership, such as a sworn declaration or document. *See Mot.* 3:13–19; *Reply* 3:10–12.  However, pointing out the lack of, or contradiction in, the removing party's documentation as compared to its allegations is properly considered a factual attack.  *See Harris*, 980 F.3d at 700.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:25-cv-06283-MWC-AS | Date: September 3, 2025 |
| Title   Scott Burns v. Royal Bank of Canada *et al.* | |

      of the First Amended Complaint in California state court on or about June 10, 2025, RBC CM was (and continues to be) wholly-owned by RBC USA Holdco Corporation, which is a Delaware corporation with its principal place of business in New York."

*Penn Decl.* ¶ 3. Plaintiff argues the declaration lacks foundation and personal knowledge for statements regarding RBC-CM's ownership structure. *See* Dkt. # 26-3.

      The Court agrees that the declaration suffers from a foundational defect. The only basis Mr. Penn puts forth for how he acquired personal knowledge of the LLC's ownership structure, is that he "reviewed RBC CM's records." *Penn Decl.* ¶ 2. Yet he does not describe, much less attach, the "records" reviewed that would prove RBC-CM is a wholly-owned subsidiary of RBC Holdco. An entity's ownership structure is typically established by supporting documents, such as an operating agreement, other internal corporate documents, and public filings, rather than conclusory statements from an employee of the entity. *See Rosales v. Vitas Healthcare Corp. of California*, No. 25-CV-05417-JSC, 2025 WL 1939872, at *1 (N.D. Cal. July 15, 2025) (declaration of in-house counsel of citizenship, without elaboration, insufficient to establish diversity jurisdiction). Mr. Penn also declines to elaborate on how his role as General Counsel made it possible for him to acquire "familiarity" and the required personal knowledge to attest to RBC-CM's corporate structure.[4]

      The Court finds RBC-CM failed to establish by a preponderance of the evidence that complete diversity exists. Accordingly, the motion to remand is **GRANTED**.

---

[4] Plaintiff attaches to his Motion two Statements of Information ("SOIs") pulled from the California Secretary of State website. *See* Dkt. # 6-1, 5–10. The Court agrees with RBC-CM that the SOIs themselves do not prove those individuals are members, given that they expressly are names of "managers *or* members." *See id.* (emphasis added); *Opp.* 5:16–24. Although one of the SOIs does not include Holdco, *see* Dkt. # 6-1, 8, Plaintiff has not shown that all members or managers must be identified in an SOI, *see generally Mot.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-06283-MWC-AS                                                  Date: September 3, 2025

Title   Scott Burns v. Royal Bank of Canada *et al.*

    i)   *The Court declines to award attorneys' fees.*

Plaintiff also moved for costs and actual expenses, including attorney's fees, incurred as a result of the removal, in the sum of at least $10,500, pursuant to 28 U.S.C. § 1447(c).  Dkt. # 6, *Not. Mot.* 1:25–18.

Absent unusual circumstances, a court may require payment of just costs, including attorney's fees, as part of its remand order when the removing party lacked an objectively reasonable basis for seeking removal.  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 138 (2005); see also 28 U.S.C. § 1447(c).  "[A]n award of fees under § 1447(c) is left to the district court's discretion, with no heavy congressional thumb on either side of the scales[.]"  *Martin*, 546 U.S. at 139. Courts in the Ninth Circuit apply "an objectively reasonable standard by looking to the clarity of the law at the time of removal."  *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008) (citing Martin, 546 U.S. at 141).  The Court retains jurisdiction to decide this collateral matter.  *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 448 (9th Cir. 1992)

Plaintiff does not put forth any argument as to why the Court should award reasonable attorney's fees; he only directs the Court to the declaration of his counsel, Mr. Steiner.  *See Mot.* 4:17–21.  The Court is unable to make out any argument in Mr. Steiner's declaration that the removing party, RBC-CM, lacked an objectively reasonable basis for seeking removal.  *See generally* Dkt. 6-1, 1–4.  Moreover, the Court need not consider legal arguments made in a declaration.  *See Lexington Ins. Co. v. Swanson*, 240 F.R.D. 662, 672 n. 2 (W.D. Wash. 2007), citing *King County v. Rasmussen*, 299 F.3d 1077, 1082 (9th Cir. 2002).

The Court **DENIES** Plaintiffs' request for costs and attorney's fees in bringing the Motion.

III.   Motion to Stay and Motion to Quash Service

Because the Court finds that it lacks subject matter jurisdiction over this case, it has no authority to decide the other pending motions. Accordingly, RBC-CM's motion to stay and RBC's motion to quash service are **VACATED**.

IV.   Conclusion

For the foregoing reasons, the Court:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:25-cv-06283-MWC-AS                                                    Date: September 3, 2025

Title       Scott Burns v. Royal Bank of Canada *et al.*

     1. **GRANTS** Plaintiff's motion to remand this case to the Superior Court of California, County of Los Angeles (Dkt. # 6);

     2. **VACATES** RBC-CM's motion to stay (Dkt. # 13) and RBC's motion to quash service (Dkt. # 14); and

     3. Directs the Clerk of the Court to **CLOSE** this case. JS-6

**IT IS SO ORDERED.**

                                                                                                                           :

**Initials of Preparer**   TJ